OPINION
Robert Dennis appeals the February 14, 2000 judgment of the Logan County Court of Common Pleas finding him to be a sexual predator.
On November 2, 1975 and following a jury trial, Robert Dennis was convicted of Aggravated Murder of Helen Gladys Beaty, with a specification that he had committed the offense "while he was committing or attempting to commit rape." On November 13, 1975, defendant was given a life sentence, and has remained in prison since November 13, 1975.
In December of 1975 a thirty-seven page post-sentence report was prepared and delivered to the trial judge. The report detailed the investigation into the crime, summarized the evidence against the defendant, and noted that the defendant "did drink to excess and his defense was that he drank all day and had a blackout during the * * * offense." Post-sentence investigation, at *36. However, the report also indicated that on the night of the murder defendant had explained blood on his clothing by telling his live-in girlfriend that he had "been in a fight." Id.
at * 11. The report further stated that the defendant had previously been investigated for burglary, had been disciplined for desertion while serving in the U.S. Army, and had been convicted of carrying a concealed weapon and fraudulent use of a leased vehicle, as well as several other misdemeanor offenses including public intoxication.
On October 5, 1998, the Logan County Court of Common Pleas filed an entry in defendant's case stating that the Department of Rehabilitation and Corrections "has recommended the * * * Defendant be adjudicated a sexual predator." For various reasons there were multiple delays in bringing the defendant to hearing, but sexual offender classification proceedings were eventually scheduled for October 29, 1999. On October 26, 1999, defendant's appointed counsel filed a motion for continuance and a motion for a psychiatric evaluation of the defendant. On October 28, 1999, the trial court overruled these motions, stating that "counsel was appointed on this case in 1998. While early indications were that the prosecutor was not going to proceed, the decision to proceed was made clear weeks ago. * * * * This matter will go forward as scheduled." Journal Entry Orders Denying Defendant's Motion for Evaluation and to Continue Hearing, at *1. On October 29, 1999, defendant filed a motion requesting the trial court to find Ohio's Sexual Offender Classification Statute unconstitutional.
At defendant's sexual offender classification that same day, the trial court overruled the motion and found the statute to be constitutional. The court also addressed the defendant's request for a psychological evaluation, and concluded he would take the motion under advisement:
 THE COURT: The Court is not going to continue the hearing. The Court will allow supplementation of the record with additional records you obtain from the institution. The Court will take under advisement your motion for the psych eval. [sic] after I've had an opportunity to consider what all you've presented otherwise.
If I do grant that evaluation, then I will allow the report of the conclusion [to] be filed to supplement the record, but I will take that under advisement.
The case proceeded to hearing, at which point the State moved to admit the 1975 post-sentence report. The defendant did not object, the trial court accepted the report, and the State rested its case.
The defendant testified on his own behalf, the trial court took the matter under advisement, and on February 14, 2000 issued a journal entry in which it found the defendant to be a sexual predator under R.C. 2950.01(E). The trial court did not specifically rule on the defendant's motions to supplement the record, nor did the court rule on his request for further psychological evaluation. The defendant now appeals, and asserts three assignments of error with the trial court's judgment.
 The trial court erred in finding the appellant Dennis to be a sexual predator pursuant to the provisions of Revised Code Section 2950.09, in that said finding was not supported by sufficient credible evidence.
 The trial court erred to the material prejudice of the appellant in denying the appellant's request for a current psychological evaluation.
 Ohio Revised Code sections 2950.01 et seq., violate Mr. Dennis's right to privacy as protected by Article I, Section I of Ohio's Constitution and the Ninth and Fourteenth Amendments to the Constitution of the United States.
 Defendant first argues that the trial court's judgment finding him to be a sexual predator is not supported by sufficient evidence. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented crimes."
Pursuant to R.C. 2950.09(B)(3) trial courts are to determine that a defendant is a sexual predator only when that finding is supported "by clear and convincing evidence." Clear and convincing evidence is the measure or degree of proof that is more than a mere preponderance of the evidence, but less than the extent of certainty that is required for proof beyond a reasonable doubt. See, e.g., Cross v. Ledford (l954), 161 Ohio St. 469, paragraph three of the syllabus. It is evidence which "produce[s] in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." State v. Schiebel (1990),55 Ohio St.3d 71, 74, quoting Cross, 161 Ohio St. at paragraph three of the syllabus. If a trial court's determination is supported by evidence legally sufficient to meet the clear and convincing standard of proof, a reviewing court will affirm the trial court's judgment. See, e.g., Schiebel, 55 Ohio St.3d at 74.
In this case, the defendant has argued that the State has not presented clear and convincing evidence that he "is likely to engage in the future in one or more sexually oriented crimes." R.C. 2950.01(E). It was the State's burden in this case to establish by clear and convincing evidence that the defendant was likely to commit one or more sexually oriented offenses upon his release from prison. The defendant argues that the State's submission of a twenty-four year old post-sentence investigation, without more, is insufficient to establish that he is likely to commit one or more sexually oriented offenses upon his release.
However, to completely accept the defendant's argument, this Court would be required to adopt as a matter of law at least one of three propositions: (1) that a post sentence investigation standing alone is insufficient evidence to establish a defendant to be a sexual predator, (2) that a single crime, no matter how serious or violent, cannot be the basis for finding a defendant to be a sexual predator, or (3) that even assuming a single crime could be sufficient, a twenty-four year old rape/murder is too remote standing alone, to ever support a finding that a defendant is likely to commit one or more sexually oriented offenses upon his release from prison. Based on the Supreme Court's decision inState v. Cook (1998), 83 Ohio St.3d 404, 416, we are unwilling to adopt any of these propositions as a matter of law and instead prefer to consider the relevance or persuasiveness of these circumstances on a case by case basis.
In the case before us, the relevant circumstances in the post sentence report include the obvious seriousness and violence of the offense as well as the defendant's evident prevarication concerning his responsibility for the offense, initially explaining blood on his clothing as the result of a fight; then later maintaining a lack of memory from alcoholic blackout; all while neither expressly denying nor admitting commission of the crime. As a result, based on the totality of circumstances outlined in the post sentence report, we conclude that the State did in fact meet its prima facie burden of proof, albeit perhaps to the minimal degree possible.
However, in proceeding beyond the evidence submitted in the state's "case in chief," we have a number of concerns about the totality of evidence in the record at the conclusion of the hearing. Foremost among these concerns is the defendant's claim that the trial court erred by overruling his request for a psychological evaluation, a request that the State did not oppose. At the outset, we note that the trial court's judgment entry declaring defendant to be a sexual predator made no reference to the requested evaluation although based on remarks made at the hearing, it is clear the request was implicitly denied.
In any event, where both the sexual offense and the only evidence presented by the state to establish defendant's likelihood of committing future offenses is some twenty-four years old, we believe a current psychological evaluation of the defendant would not only be highly relevant to the defendant's sexual predator status but would also be a material part of the defendant's right to present evidence at the sexual offender classification hearing.
 At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator.
R.C. 2950.09(B)(1) (Emphasis added).
Clearly, the right to present evidence under the statute does not necessarily include the right to a psychological evaluation in every sexual predator case. On the contrary, we believe the determination of such requests to be within the discretion of the trial court. Nevertheless, under the somewhat unique circumstances of this record, and considering in particular, the state's sole reliance on a twenty-four year old post sentence investigation, it is our conclusion that the failure of the trial court to grant a defense request for a current psychological evaluation unduly infringed upon the right of the defendant to present evidence.
Additionally, the defendant testified as to a number of factors, undisputed by the state, tending to show that sexually oriented offenses were not likely to occur in the future. The defendant was 55 years of age at the date of the sexual predator hearing. He is currently in poor health having experienced two heart attacks, the most recent being in 1999. He has had open heart surgery, has poor circulation in his legs, suffers from diabetes and walks with a cane. As a result of these circumstances and his present inability to drink alcohol, the defendant testified that he does not believe he is capable of future dangerous actions.
The defendant has been incarcerated pursuant to his conviction in this case since 1975 and testified that his disciplinary record over 24 years in prison included a total of 3 times "in the hole." He testified he had not been convicted of any sexual offenses prior to the aggravated murder conviction and has committed no new offenses while incarcerated. For the last twelve years he has been held in a minimum security institution. If paroled at a later date, the defendant testified that he would reside with a sister in Wisconsin.
While in prison, defendant also completed a year-long sex offender program involving group therapy and after-care. He also completed his GED, a commercial drivers license course, and college coursework from Urbana University and Ohio University. Additionally, he has been active in several organizations including local JayCees and a Vietnam Veterans chapter.
Trial courts are required to utilize the factors stated in R.C.2950.09(B)(2) when classifying sexual offenders. However, the trial court's judgment entry in this case offered no reasoning for its judgment that defendant was a sexual predator, and did not refer to any specific factors or specific evidence the court relied upon in making its decision. Specifically, there is no indication in the record that the trial court based its decision on an unfavorable credibility determination regarding any aspect of the defendant's testimony. Additionally, we note that the State did not file a brief in response to the defendant's appeal. Under App.R. 18(C), this Court "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." Id.
Certainly, the defendant's testimony at the hearing as to his lack of memory of the crime while not expressly denying his involvement is a disturbing aspect of the defendant's credibility that the trial court might have addressed in its decision. However, where the trial court has made no finding regarding the credibility of a witness who personally appeared before it, we believe it would be entirely speculative and inappropriate for this court to now presume a determinative, unfavorable credibility finding on the trial court's behalf.
Therefore, without any indication in the record that the trial court rejected the defendant's testimony and considering in particular the defendant's apparent past involvement with a sexual offender program in prison, this court is unable to say that a current psychological evaluation was unnecessary to support the trial court's decision. On the contrary, such a report might well have furnished other grounds in support of a sexual predator finding which this court could have relied upon notwithstanding the undisputed testimony of the defendant and the lack of any express findings by the trial court.
However, considering the totality of evidence in the record at the conclusion of the hearing, including the absence of a current psychological evaluation or any indication by the trial court as to the basis of its decision, and keeping in mind our prerogatives under App.R. 18(C) where the state has failed to contest the matter on appeal, we do not believe the state's continued reliance solely upon the 24 year old post-sentence investigation report was sufficient to maintain its burden of proof to establish by clear and convincing evidence that this defendant was likely to commit a sexually oriented offense in the future.
For these reasons, defendant's first and second assignments of error are sustained. Defendant's third assignment of error is overruled pursuant to App.R 12(A)(1)(c). The judgment of the Common Pleas Court of Logan County is reversed and remanded for entry of judgment accordingly.
 _________________________ Shaw, J.
 WALTERS and BRYANT, JJ., concur.